Hawkins, J.,
delivered tbe opinion of the Court.
On the 5th of February, 1855, James Mason et al. filed their bill in the Chancery Court at Shelbyville, against Hulda Mason et al., asking, among other things, for the sale of lands, for the purpose of distribution among the complainants and defendants, as heirs at law of Thomas W. Mason, deceased. During the progress of the cause, Whitthorne, the then Clerk and Master of the Court, was directed, by a decree in the cause, to sell lands, take notes from the purchasers, etc., which he did. After a portion of the purchase money had been collected by him, he, by a subsequent decree pronounced in the cause, was directed to pay the same, together with such sums as he might thereafter collect, to complainants and defendant, as heirs at law .of the said Thomas W. Mason, deceased; and at the September Term, 1865, of said Court, the present Clerk and Master, was, by decree, directed t.o take and state an account, and report the amount of money still in the hands of. the former Clerk and Master, arising from the sales of land in said cause, and upon the coming in of said report, it was ascertained, by a decree of said Court, that, after allowing all proper credits for costs, disbursements, etc., there was still in the hands of said Whitthorne, of said fund, the sum of $3,194. The parties to said suit moved the Court for judgment against him for the same, upon the suggestions made by Whitthorne, that he had,'before ■ that time, deposited $1,000 of said sum in the branch Bank of Tennessee, at Shelbyville, to recover which he had insti* *244 tuted a suit against said Bank, and that he was ready to pay the balance. The Chancellor proceeded to render a decree in favor of the parties to said cause, for the balance of the sum still in the hands of Whit-thorne, reserving the question as to the said sum of $1,000.
Whitthorne himself, was examined upon interrogations touching said deposit, and states that he deposited all the funds of his own, and of other persons, in said Bank, for safe keeping; that said deposits were made in his own name, without more; that he kept no separate Bank account for money which he deposited; that he made no deposit in the name of Mason’s heirs; that in 1862 he was a director of said branch Bank, and while he was such, an • order, for which he voted, was made by the directors thereof, in compliance with an order of the directors of the mother Bank, at Nashville, directing the removal of the assets of said branch Bank to Chattanooga, for safe keeping; that an order was also made, directing that notice should be given depositors to draw out their deposits; and that instead of drawing out his deposits, he took from the Cashier of said branch Bank a check on the Bank of Augusta, Georgia, and on presenting the same, was answered by the cashier of said Bank, they had no funds of the branch Bank of Tennessee, at Shelbyville.
It also appears, from the record, that, at the time said funds were collected and deposited, they were current at par value, and have subsequently become depreciated; and said motion coming on further to be heard, Whitthorne having received three thousand dollars from *245 said branch Bank, in the notes of the Bank of Tennessee, and having offered to pay off his liability in said notes at par, which the parties had refused to accept, the Chancellor decreed that the parties should accept the same in discharge of said liability, from which decree the complainants and defendants in said suit, have appealed to this Court.
We think the decree of the Chancellor is erroneous, and that the parties are entitled to a decree against Whitthorne for $1,000.
It is insisted by the counsel for Whitthorne, that he had a right to receive, in payment of the purchase money for said lands, bank notes of par value at the time; that he also had a right to deposit the same in the Bank for safe keeping, and cannot be held liable for the depreciation of the notes so received and deposited. These propositions may all be true, but in the view we have taken of this case,-. they cannot discharge him from his liability now to pay the full amount in good funds, or compel th.e parties now to accept the specific fund collected by him. By mingling the trust fund with his own money, and depositing the whole in the Bank in his own name, and to his own individual and private account — to say nothing of his participation in the removal of the assets of the Bank, or his failure to withdraw his deposits -upon notice from' the Bank, and the acceptance of a check in lieu thereof — he treated the money as his own. Erom that moment, it ceased to be at the risk of the cestui que trust, and was at the risk of the trustee; and upon this *246 ,ground alone, independent of the other questions presented by the record, and upon which we express no opinion, he is liable to the cestui que trust for any loss which may have been sustained by the depreciation of the money.
The decree of the Chancellor will he reversed, and a decree entered against 'Whitthorne for the sum of $1,000.